IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AYOUB KIRRESH<br>1968 Richmond Drive<br>Avon, Ohio 44011 | ) <br> ) <br> ) <br> ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | **COMPLAINT FOR DAMAGES** |
| HERTZ CAR SALES<br>2825 Medina Road<br>Medina, Ohio 44256 | ) <br> ) <br> ) <br> ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>HERTZ CAR SALES, LLC<br>Statutory Agent<br>10575 Loveland Madeira Road<br>Loveland, Ohio 45140 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

Plaintiff, Ayoub Kirresh, by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

## PARTIES & VENUE

1. Kirresh is a resident of the City of Avon, county of Lorain, state of Ohio.

2. Hertz Car Sales, LLC is a foreign limited liability company that owns and/or operates a business in Ohio located at 2825 Medina Road, Medina, Ohio 44256.

3. Kirresh worked for Hertz at its business located at 2825 Medina Road, Medina, Ohio 44256.

4. Within 300 days of the conduct alleged below, Kirresh filed a Charge of Discrimination Equal Employment Opportunity Commission ("EEOC"), which was processed as EEOC Charge No. 532-2021-00481.

5.  On June 29, 2022 the EEOC issued and mailed a Notice of Right to Sue letter to Kirresh regarding the Charges of Discrimination brought by Kirresh against in Charge No. 532-2021-00481.

6.  Kirresh received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

7.  Kirresh has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

8.  All material events alleged in this Complaint occurred in county of Medina.

9.  Venue is proper in this Court under 28 U.S.C. § 1391.

10. Personal jurisdiction is proper over Hertz under R.C. § 2307.382(A)(1) and (3) and the Due Process Clause.

11. This Court has subject matter jurisdiction over Kirresh's federal claims pursuant to 28 U.S.C. § 1331 in that Kirresh is alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## FACTS

12. Kirresh is a former employee of Hertz. He began working for Hertz on or around March 25, 2019 at Hertz's location in Medina, Ohio. During his employment for Hertz, Kirresh worked as a Car Sales Representative. In that position, he was responsible for, as the title suggests, selling cars in Hertz's inventory. Kirresh performed well in that position, receiving a positive year-end review from his direct supervisor in December 2019. Kirresh was thus qualified for his job at Hertz.

13. Kirresh was born in the United States, but his family recently immigrated to this country from Morocco and Palestine. Kirresh's ethnicity is Arab, and his ancestry is Moroccan and

Palestinian. Because of his ancestry, Kirresh grew up eating food common to Morocco and Palestine.

14. When Kirresh worked for Hertz, his co-workers made ethnically insensitive jokes. The worst offender was Mike Parks, a Caucasian Sales & Finance Manager at Hertz. Parks unashamedly joked about Kirresh's ethnicity in front of other Hertz employees. No other employees at Hertz's Medina location were of the same ethnicity or shared the same ancestry as Kirresh. And no other employees experienced the same level of racial and cultural insensitivity as Kirresh.

15. While working at Hertz, Kirresh usually brought his lunch to work and prepared it in the break room. Kirresh brought the same type of food he had grown up eating—traditionally Moroccan and Palestinian cuisine—for lunch. Parks frequently commented that Kirresh's food "smells bad," even though nobody else had a problem with Kirresh's lunch choices. Kirresh was embarrassed and offended by Parks's comments, but would try to hide it with responses like: "This is the food I grew up with." Parks responded by telling Kirresh to stop cooking his food at work. Parks never told anyone else to stop cooking their food at work.

16. On or about June 13, 2020, Parks became belligerent about Kirresh's food. Parks yelled, "*your people's* food smells like shit and I can't take it anymore." The "your people" was a point of emphasis: It was clear that Parks saw Kirresh as different and didn't want him anywhere near him. Parks, a manager, then banned Kirresh from using the kitchen in the break room. On information and belief, neither Parks nor any other manager at Hertz's Medina location had banned a similarly situated non-Arab employee from using the kitchen for cooking their food. Because of Parks's anger, Kirresh became upset and concerned for his safety.

17. After getting away from Parks, Kirresh called his district manager, Andrew (Last Name Unknown). He told Andrew about what Parks had said that day and how Parks had banned him from using the kitchen because of Kirresh's ethnicity and national origin. Andrew responded by asking, "So what's the problem?" Rather than conduct an investigation immediately or show the slightest bit of empathy, Andrew didn't think that what happened was a big deal. Kirresh was shocked and hurt by what happened and became even more upset when his district manager wouldn't do anything about Parks's behavior.

18. Immediately after the call with his district manager, on or about June 13, 2020, Kirresh contacted Hertz's Human Resources to lodge a complaint against Parks. Kirresh described the humiliation he had suffered in an email to HR, too. In that email, Kirresh not only mentioned that he was being constantly harassed by a manager, but that it had become so bad that it caused him to leave work in tears:

From: **Ayoub Kirresh** <█████████>
Date: Sat, Jun 13, 2020, 12:30 PM
Subject: Harassment
To: <Askhr@hertz.com>

I just walked out of work crying because my manager mike parks makes fun of me and the way my food smells. This has happened at least 5 times since I joined Hertz March 2019. He told me today I have to stop making my food because it smells the whole dealership up. Every sales person said that my food smelled good. He is always aggressive on how he approaches me alone and makes it an issue if I try to defend myself for cooking in the designated lunch area. I do my best, all I ask for is respect, freedom to cook food in the microwave without being harassed and told to stop. My cell phone is █████████

19. Kirresh had thus reported a superior's misconduct twice that day: Once to the district manager, and the second to Human Resources. He expected a response and hoped that Hertz would promptly address his concerns.

20. Three days later, without saying a word to Kirresh, Hertz's Human Resources department closed the "case" that was opened when Kirresh made his complaint. When Kirresh saw the notification email, he was shocked:

> From: **Ayoub Kirresh** <​███████████​>
> Date: Fri, Jun 19, 2020, 11:47 AM
> Subject: Re: AskHR Case Closed, Case No: 00458279, Case Subject: Harassment
> To: <Askhr@hertz.com>
>
> Why is my case closed? I haven't talked to anyone yet.
>
> On Tue, Jun 16, 2020, 5:04 PM askhr@hertz.com <askhr@hertz.com> wrote:
>
> **We are proud to say we have successfully Closed your Case.**
>
> **Effective Date:**
> **Affected Employee Name:** Ayoub Kirresh
> **Affected Employee ID:** 289524

21. Someone from Hertz responded by saying that an HR representative tried contacting Kirresh by both phone and email. There was one email from the June 15 in which the HR representative said she had called Kirresh, but his voicemail was full. Before closing the case, nobody had explained to Kirresh that the HR representative would continue pursuing the case. Indeed, the email that Kirresh got from the HR representative the day before just told Kirresh to call her back. The lack of transparency and communication was done with the deliberate intent to discourage Kirresh from continuing to pursue his complaints against Parks.

22. It became clear that Hertz wasn't really interested in investigating or fixing the problem with Parks. When Kirresh finally spoke with someone in Human Resources, he was told that Hertz would install new ventilation in the kitchen area, which would ostensibly fix Parks's issues with Kirresh's lunch food. In other words, Hertz's solution was to single out Kirresh to appease Parks. Hertz failed to explain, however, how ventilation would fix Parks's past discriminatory conduct, address the humiliation Kirresh had suffered, or repair the unsustainable work environment Hertz had allowed.

23. Kirresh had experienced treatment so egregious at the hands of Parks and Hertz that no reasonable person could be expected to continue tolerating it. Given that Hertz had made no serious attempt to correct Parks's behavior, failed to adequately investigate Kirresh's complaint, and seemed indifferent to Kirresh's discriminatory treatment, Kirresh had no choice but to resign his employment at Hertz.

24. As a direct and proximate result of Hertz's conduct, Kirresh has suffered and will continue to suffer damages.

## COUNT I: RACE DISCRIMINATION UNDER TITLE VII

25. Kirresh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

26. Because of his ethnicity, Kirresh is a member of a protected class on the basis of race.

27. Throughout his employment, Kirresh was treated less favorably than similarly situated employees outside of his protected class.

28. The discriminatory treatment of Kirresh was perpetrated by a manager at Hertz.

29. Hertz's actions amount to discrimination on the basis of race in violation of 42 U.S.C. § 2000e *et seq.*

30. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Kirresh to injunctive, equitable, and compensatory monetary relief.

31. Throughout his employment, Kirresh was treated less favorably than similarly situated employees outside of his protected class.

32. The discriminatory treatment of Kirresh was perpetrated by a manager at Hertz.

33. Hertz's actions amount to discrimination on the basis of race in violation of 42 U.S.C. § 2000e *et seq.*

34. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

35. In its discriminatory actions as alleged above, Hertz acted with malice or reckless indifference to the rights of Kirresh, thereby entitling Kirresh to an award of punitive damages.

36. To remedy the violations of the rights of Kirresh secured by 42 U.S.C. § 2000e *et seq.*, Kirresh requests that the Court award him the relief demanded below.

### COUNT II: NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

37. Kirresh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

38. Based on his Moroccan and Palestinian ancestry, Kirresh is in a protected class on the basis of national origin.

39. Throughout his employment, Kirresh was treated less favorably than similarly situated employees outside of his protected class.

40. The discriminatory treatment of Kirresh was perpetrated by a manager at Hertz.

41. Hertz's actions amount to discrimination on the basis of national origin in violation of 42 U.S.C. § 2000e *et seq.*

42. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Kirresh to injunctive, equitable, and compensatory monetary relief.

43. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

44. In its discriminatory actions as alleged above, Hertz acted with malice or reckless indifference to the rights of Kirresh, thereby entitling Kirresh to an award of punitive damages.

45. To remedy the violations of the rights of Kirresh secured by 42 U.S.C. § 2000e *et seq.*, Kirresh requests that the Court award him the relief demanded below.

**COUNT III: HOSTILE WORK ENVIRONMENT – RACE DISCRIMINATION**

46. Kirresh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. Because of his ethnicity, Kirresh is a member of a protected class on the basis of race.

48. Throughout his employment, Kirresh experienced insensitive comments based on his ethnicity and race.

49. The frequent racial bullying he experienced was severe, pervasive, and unwanted, and Kirresh opposed that conduct by asking for respect and to be treated with dignity.

50. Hertz knew about the severe and pervasive harassment that Kirresh experienced, but failed to remedy it, instead making Kirresh feel like he did something wrong.

51. Hertz's actions, through its managers, and its inaction to remedy that conduct created and maintained a hostile work environment on the basis of race.

52. Hertz's actions amount to discrimination on the basis of race in violation of 42 U.S.C. § 2000e *et seq.*

53. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Kirresh to injunctive, equitable, and compensatory monetary relief.

54. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

55. In its discriminatory actions as alleged above, Hertz acted with malice or reckless indifference to the rights of Kirresh, thereby entitling Kirresh to an award of punitive damages.

56. To remedy the violations of the rights of Kirresh secured by 42 U.S.C. § 2000e *et seq.*, Kirresh requests that the Court award him the relief demanded below.

### **COUNT IV: HOSTILE WORK ENVIRONMENT – NATIONAL ORIGIN DISCRIMINATION**

57. Kirresh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. Because of his ancestry, Kirresh is a member of a protected class on the basis of his national origin.

59. Throughout his employment, Kirresh experienced insensitive comments based on his national origin.

60. The frequent bullying and harassment he experienced was severe, pervasive, and unwanted, and Kirresh opposed that conduct by asking for respect and to be treated with dignity.

61. Hertz knew about the severe and pervasive harassment that Kirresh experienced, but failed to remedy it, instead making Kirresh feel like he did something wrong.

62. Hertz's actions, through its managers, and its inaction to remedy that conduct created and maintained a hostile work environment on the basis of national origin.

63. Hertz's actions amount to discrimination on the basis of national origin in violation of 42 U.S.C. § 2000e *et seq.*

64. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Kirresh to injunctive, equitable, and compensatory monetary relief.

65. As a result of Hertz's discrimination against Kirresh in violation of 42 U.S.C. § 2000e *et seq.*, Kirresh has suffered mental anguish and emotional distress, including, but not limited

to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

66. In its discriminatory actions as alleged above, Hertz acted with malice or reckless indifference to the rights of Kirresh, thereby entitling Kirresh to an award of punitive damages.

67. To remedy the violations of the rights of Kirresh secured by 42 U.S.C. § 2000e *et seq.*, Kirresh requests that the Court award him the relief demanded below.

## COUNT V: RETALIATION UNDER TITLE VII

68. Kirresh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

69. Because of the harassment he was facing, Kirresh made multiple protected complaints that he was being harassed and/or discriminated against on the basis of his race and/or national origin.

70. In response to Kirresh's protected complaints, Hertz took multiple adverse actions against Kirresh, including, but not limited to: (a) failing to meaningfully investigate Kirresh's complaints; (b) failing to remedy the harassment and disparate treatment he experienced by a Hertz manager; (c) singling out Kirresh by proposing a "fix" that would appease Kirresh's manager's discriminatory tendencies rather than reprimand that same manager; (d) requiring that Kirresh continue working alongside his harasser without any assurance that the harassment would cease.

71. Hertz's actions would make it less likely for a reasonable employee to report discrimination and/or harassment.

72. Under 42 U.S.C. § 2000e-3(a), it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an

unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

73. By taking multiple adverse actions against Kirresh in retaliation for making protected complaints, Hertz violated 42 U.S.C. § 2000e-3(a).

74. As a result of Hertz's retaliation against Kirresh in violation of 42 U.S.C. § 2000e-3(a), Kirresh has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Kirresh to injunctive, equitable, and compensatory monetary relief.

75. As a result of Hertz's retaliation against Kirresh in violation of 42 U.S.C. § 2000e-3(a), Kirresh has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain suffering, and physical injury.

76. In its retaliatory actions as alleged above, Hertz acted with malice or reckless indifference to the rights of Kirresh, thereby entitling Kirresh to an award of punitive damages.

77. To remedy the violations of the rights of Kirresh secured by 42 U.S.C. § 2000e-3(a), Kirresh requests that the Court award him the relief demanded below.

**DEMAND FOR RELIEF**

WHEREFORE, Kirresh demands the following:

(a) That the Court issue an order requiring Hertz to expunge Kirresh's personnel file of all negative documentation;

(b) An award against Hertz of compensatory and monetary damages to compensate Kirresh for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Hertz in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Kirresh claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                Respectfully submitted,

                /s/ Rocco J. Screnci
                Brian D. Spitz (0068816)
                Rocco J. Screnci (0100333)
                **SPITZ, THE EMPLOYEE'S LAW FIRM**
                25825 Science Park Drive, Suite 200
                Beachwood, OH 44122
                Phone: (216) 291-4744
                Fax: (216) 291-5744
                Email: brian.spitz@spitzlawfirm.com
                           rocco.screnci@spitzlawfirm.com

                *Attorneys For Plaintiff Ayoub Kirresh*

## JURY DEMAND

Plaintiff Ayoub Kirresh demands a trial by jury by the maximum number of jurors permitted.

        /s/ Rocco J. Screnci
Brian D. Spitz (0068816)
Rocco J. Screnci (0100333)

*Attorneys For Plaintiff Ayoub Kirresh*